Benjamin Nielsen, OSB #165040
ben@idiartlaw.com
Damian M. Idiart, OSB #010613
damian@idiartlaw.com
Justin I. Idiart, OSB #111568
justin@idiartlaw.com
IDIART LAW GROUP, LLC
P.O. Box 3700
Central Point, OR 97502
Telephone: (541) 772-6969
Facsimile: (541) 245-0486

Attorneys for Plaintiffs, the Tobiassons

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| BREE TOBIASSON; and CAMILLE TOBIASSON, By and through her Guardian Ad Litem, BREE TOBIASSON; <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | **COMPLAINT** <br> **Personal Injuries; Federal Tort Claims Act** <br> **(See 28 USC §§1346,2671)** <br> **NON-JURY TRIAL** <br> **IN MEDFORD, OREGON** |

For his claim for relief for personal injuries, Plaintiffs Bree Tobiasson, and Camille Tobiasson by and through her guardian ad litem Bree Tobiasson (see attached Exhibit 1, Order Appointing Guardian Ad Litem from Klamath County Circuit Court, Case No. 25CV50170), who hereafter shall be referred to as "Plaintiffs," allege:

COMPLAINT                                                                                           Page 1

1.

Plaintiffs bring this claim for personal injuries under the Federal Tort Claims Act, 28 USC §§2671, et seq. Plaintiffs timely filed an administrative claim, and after months of attempts at resolving the matter, the parties reached an impasse and were unable to resolve the claim, exhausting all administrative remedies. Jurisdiction is based on 28 USC §1346(b). Plaintiffs are citizens of the State of Oregon. The acts and omissions of Defendant United States of America and its officers, employees, and/or agents herein complained of occurred in the State of Oregon, and this case arises within the Medford Division of the District of Oregon. Venue properly is in the Medford Division of the District of Oregon. 28 USC §1402(b); LR 3.3.

2.

Defendant United States of America, through its agency, the United States Department of the Interior, Bureau of Land Management, owned a 2023 Ford F250 vehicle. Defendant provided its vehicle to its agent and/or employee, an employee named Mr. Ethan Carver Johnson, who at all times material herein was acting within the scope of his employment or agency with the United States of America. Defendant's agent and/or employee used Defendant's vehicle in Klamath County, Oregon for his work. While in the course and scope of his employment, Defendant's agent and/or employee was involved in the incident described below.

3.

On or about September 14, 2023, Plaintiffs were traveling in their vehicle near the intersection of Highway 39 and Highway 140 in Klamath County, Oregon.

//
//
//

4.

On or about the same date, same time and at the same general location, Defendant's agent was traveling in his vehicle when he became distracted and pulled out into traffic immediately in front of Plaintiffs causing their vehicles to collide.

5.

At said time and place, Defendant's agent had a duty to exercise reasonable care in the operation and control of his vehicle.

6.

Defendant's agent breached that duty and was negligent in one or more of the following particulars:

    a)    In failing to keep and maintain a proper lookout;

    b)    In traveling at a speed in excess of the basic speed rule, a violation or ORS 811.100;

    c)    In failing to keep and maintain reasonable control of a motor vehicle;

    d)    In failing to obey a traffic control device, a violation of ORS 811.265;

    e)    In failing to yield when entering a roadway, a violation of ORS 811.280;

    f)    In using a mobile device while operating a vehicle in violation of ORS 811.507; and

    g)    In carelessly operating his vehicle in a manner that endangered Plaintiff in violation of ORS 811.135.

7.

Defendant's agent's negligence in one or more of the foregoing particulars was a substantial factor in causing the collision between the two vehicles.

//

//

8.

As a result of the force of impact to Plaintiff Bree Tobiasson, she was caused to suffer serious and painful injuries to her head, neck, chest and back; PTSD; and difficulty performing normal life activities.

9.

The injuries described above are likely to have permanent residual effects. As a result of these injuries Plaintiff Bree Tobiasson has experienced and continues to experience pain and suffering and the limitations of normal and usual activities. She should be fully and fairly compensated for these non-economic damages in a sum that is just. An appropriate ceiling for these non-economic damages is $200,000.00. Her injuries are continuing and she may seek leave of the Court to amend this amount prior to trial.

10.

As a further result of the injuries received, Plaintiff Bree Tobiasson has incurred medical expenses in an amount not expected to exceed $24,000.00. Her injuries are continuing and she may seek leave of Court to amend this amount prior to trial.

11.

As a further result of injuries received, Plaintiff Bree Tobiasson has suffered lost wages in the amount not expected to exceed $7,000.00. Her injuries are continuing, and she may seek leave of Court to amend this amount prior to trial.

12.

As a result of the force of impact to minor Plaintiff Camille Tobiasson, she was caused to suffer serious and painful injuries to her head, neck and back; PTSD; and difficulty performing normal life activities.

13.

The injuries described above are likely to have permanent residual effects. As a result of these injuries Plaintiff Camille Tobiasson has experienced and continues to experience pain and suffering and the limitations of normal and usual activities. She should be fully and fairly compensated for these non-economic damages in a sum that is just. An appropriate ceiling for these non-economic damages is $65,000.00. Her injuries are continuing and she may seek leave of the Court to amend this amount prior to trial.

12.

As a further result of the injuries received, Plaintiff Camille Tobiasson has incurred medical expenses in an amount not expected to exceed $7,000.00. Her injuries are continuing and she may seek leave of Court to amend this amount prior to trial.

*   *   *   *   *

WHEREFORE, Plaintiffs pray for judgment against Defendant, for damages as follows:

1. For noneconomic damages in a sum not expected to exceed $265,000.00;

2. For economic damages in a sum not expected to exceed $38,000.00;

3. Plaintiffs' costs and disbursements incurred herein; and

For such other and further relief as the Court may deem just and equitable.

DATED: November 7, 2025

*[signature]*
Benjamin Nielsen
Attorney for Plaintiffs

# Exhibit 1

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR KLAMATH COUNTY

| | |
|---|---|
| BREE TOBIASSON; CAMILLE TOBIASSON, by and through her Guardian ad Litem, BREE TOBIASSON;<br><br>Plaintiffs,<br><br>vs.<br><br>ETHAN CARVER JOHNSON;<br><br>Defendants. | Case No. 25CV50170<br><br>ORDER APPOINTING GUARDIAN AD LITEM |

This matter, having come to be heard upon the petition of Bree Tobiasson, who is the mother of the minor child, Camille Tobiasson, who has no Guardian ad Litem, General Guardian or Conservator within this state, and

IT APPEARING TO THE COURT that petitioner has cause of action on behalf of the minor against Ethan Carver Johnson desires to prosecute the same, and that petitioner has petitioned the Court requesting that she be appointed Guardian ad Litem for the minor, and

IT FURTHER APPEARING TO THE COURT that petitioner is a suitable person to act as Guardian ad Litem for the minor in order to prosecute and pursue litigation on her behalf against the above-named defendants, and

//

//

//

1   IT FURTHER APPEARING TO THE COURT that petitioner is qualified to act as Guardian

2   ad Litem for the minor and to further pursue and prosecute the aforesaid action on her behalf.

3   NOW, THEREFORE, IT IS HEREBY ORDERED:

4   That Bree Tobiasson be and she hereby is appointed Guardian ad Litem for Camille Tobiasson,

5   a minor, and is directed and authorized to prosecute and pursue the above-entitled action on her behalf.

9/15/2025 10:21:47 AM

*Kelly Kritzer*

Kelly Kritzer,
Circuit Court Judge

10  Submitted by:
Damian M. Idiart, OSB #010613
11  IDIART LAW GROUP, LLC
P.O. Box 3700
12  Central Point, OR 97502
(541) 772-6969
13  Attorney for Petitioner

ORDER APPOINTING GUARDIAN AD LITEM - 2     IDIART LAW GROUP, LLC
PO Box 3700, Central Point, OR 97502
Tel: (541) 772-6969   Fax: (541) 245-0486

CERTIFICATE OF READINESS

This proposed judgment or order is ready for judicial signature because:

    1.    [ ]    Each proposed party affected by this order or judgment has stipulated to the order or judgment, as shown by each opposing party's signature on the document being submitted.

    2.    [ ]    Each opposing party affected by this order or judgment has approved the order or judgment, as shown by signature on the document being submitted or by written confirmation of approval sent to me.

    3.    [ ]    I have served a copy of this order or judgment on all parties entitled to service and: a. No objection has been served on me; or b. I received objections that I could not resolve with the opposing party despite reasonable efforts to do so. I have filed a copy of the objections I received and indicated which objections remain unresolved; or c. After conferring about objections, *(role and name of opposing party)* agreed to independently file any remaining objection.

    4.    [x]    Service is not required pursuant to subsection 3 of this rule, or by statute, rule or otherwise.

    5.    [ ]    This is a proposed judgment that includes an award of punitive damages and notice has been served on the Director of the Crime Victims' Assistance Section as required by subsection 5 of this rule.

    6.    [ ]    Other: _____.

DATED this 11th day of September, 2025

        IDIART LAW GROUP, LLC

        s/ Damian M. Idiart
        Damian M. Idiart, OSB 010613
        Attorney for Plaintiffs